**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-7779

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

AARON KEITH COVINGTON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Rebecca Beach Smith, District Judge.  (CR-99-21; CA-03-54-4)

Submitted:  April 28, 2004          Decided:  May 19, 2004

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Aaron Keith Covington, Appellant Pro Se.  Laura Marie Everhart, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Aaron Keith Covington seeks to appeal the district court's order denying relief on his motion filed under 28 U.S.C. § 2255 (2000). We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on August 5, 2003. The notice of appeal, postmarked October 27, 2003, was received by the district court on November 3, 2003.[*] Because Covington failed to file a timely notice of appeal or to obtain an

_____

[*]For the purpose of this appeal, we assume the date appearing on the envelope containing the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988). The earliest date on the certificate of service was not attested to by a declaration under penalty of perjury or a notarized statement, and the evidence of the date of mailing and receipt by the district court suggests a date of delivery to the prison mailbox later than the date on the document. See Fed. R. App. P. 4(c)(1); 28 U.S.C. § 1746 (2000).

- 2 -

extension or reopening of the appeal period, we dismiss the appeal. We further deny Covington's motion for a certificate of appealability. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED